UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:22-CR-422 |
| | : | |
| v. | : | (JudgeMannion) |
| | : | |
| **MASON MOREY**, | : | (electronically filed) |
| Defendant | : | |

### PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-captioned

defendant. Any reference to the United States or to the Government in this

Agreement shall mean the Office of the United States Attorney for the

Middle District of Pennsylvania.

### A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendant agrees to plead guilty to Counts 1 and

   2 of the Superseding Indictment. Count 1 charges the defendant

   with a violation of Title 18, United States Code, § 2422(b),

   attempted online enticement. The maximum penalty for that

   offense is imprisonment for life, a fine of $250,000, a maximum

   term of supervised release of life, which shall be served at the

   conclusion of, and in addition to, any term of imprisonment, as well

   as the costs of prosecution, imprisonment, probation, or supervised

release ordered, denial of certain federal benefits, and an assessment in the amount of $5,100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in that count. Count 2 charges the defendant with a violation of Title 18, United States Code, § 2251(a), sexual exploitation of children. The maximum penalty for that offense is imprisonment for a period of 30 years, a fine of $250,000, a maximum term of supervised release of life, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $5,100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in that count. After sentencing, the United States will move for dismissal of any remaining counts of the Superseding Indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or

2

sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court.  The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground.  The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2.  <u>Mandatory Minimum Sentence</u>.  Count 1 carries a mandatory minimum period of imprisonment of 10 years. Count 2 carries a mandatory minimum period if imprisonment of 15 years.

3.  <u>Term of Supervised Release</u>.  The defendant understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court

3

must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4. <u>Maximum Sentence – Multiple Counts</u>.  The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is, life in prison and fines totaling $500,000, lifetime supervised release, the costs of prosecution, denial of certain federal benefits and an assessment totaling $10,200.

5. <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offenses described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

B. **Fines and Assessments**

1. <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a

4

breach of this Plea Agreement.  Further, the defendant
acknowledges that willful failure to pay the fine may subject the
defendant to additional criminal violations and civil penalties
pursuant to Title 18, United States Code, § 3611, et seq.

2.   Alternative Fine.  The defendant understands that under the
alternative fine section of Title 18, United States Code, § 3571, the
maximum fine quoted above may be increased if the Court finds
that any person derived pecuniary gain or suffered pecuniary loss
from the offense and that the maximum fine to be imposed, if the
Court elects to proceed in this fashion, could be twice the amount
of the gross gain or twice the amount of the gross loss resulting
from the offense.

3.   Inmate Financial Responsibility Program.  If the Court orders a fine
or restitution as part of the defendant's sentence, and the sentence
includes a term of imprisonment, the defendant agrees to
voluntarily enter the United States Bureau of Prisons-administered
program known as the Inmate Financial Responsibility Program,
through which the Bureau of Prisons will collect up to 50% of the
defendant's prison salary, and up to 50% of the balance of the

5

defendant's inmate account, and apply that amount on the
defendant's behalf to the payment of the outstanding fine and
restitution orders.

4.  Special Assessment.  The defendant understands that the Court
    will impose a special assessment of at least $200, pursuant to the
    provisions of Title 18, United States Code, § 3013.  No later than
    the date of sentencing, the defendant or defendant's counsel shall
    mail a check in payment of the special assessment directly to the
    Clerk, United States District Court, Middle District of Pennsylvania.
    If the defendant intentionally fails to make this payment, that failure
    may be treated as a breach of this Plea Agreement and may result
    in further prosecution, the filing of additional criminal charges, or a
    contempt citation.

5.  If the defendant is convicted of a human trafficking, sex trafficking,
    or child pornography/child sexual exploitation offense, and if the
    Court finds the defendant is not indigent, an additional special
    assessment of $5,000 will be imposed, pursuant to Title 18 U.S.C.
    § 3014(a).

6

6. <u>Collection of Financial Obligations</u>.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

    a.   to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

    b.   to submit to interviews by the Government regarding the defendant's financial status;

    c.   to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

    d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

7

e.   to authorize the Government to obtain the defendant's credit

reports in order to evaluate the defendant's ability to satisfy any

financial obligations imposed by the Court; and

f.   to submit any financial information requested by the Probation

Office as directed, and to the sharing of financial information

between the Government and the Probation Office.

## C.   Sentencing Guidelines Calculation

1.   Determination of Sentencing Guidelines.      The defendant and

counsel for both parties agree that the United States Sentencing

Commission Guidelines, which took effect on November 1, 1987,

and its amendments (the "Sentencing Guidelines"), will apply to the

offense or offenses to which the defendant is pleading guilty.  The

defendant understands that the Sentencing Guidelines are

advisory and not binding on the Court.  The defendant further

agrees that any legal and factual issues relating to the application

of the Sentencing Guidelines to the defendant's conduct, including

facts to support any specific offense characteristic or other

enhancement or adjustment and the appropriate sentence within

the statutory maximums provided for by law, will be determined by

8

the Court after briefing, a pre-sentence hearing, or a sentencing
hearing.

2. <u>Acceptance of Responsibility– Two/Three Levels</u>.  If the defendant
can adequately demonstrate recognition and affirmative
acceptance of responsibility to the Government as required by the
Sentencing Guidelines, the Government will recommend that the
defendant receive a two- or three-level reduction in the defendant's
offense level for acceptance of responsibility. The third level, if
applicable, shall be within the discretion of the Government under
U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant
is entitled to a reduction shall not be a basis to void this
Agreement.

## D. **Sentencing Recommendation**

1. <u>Appropriate Sentence Recommendation</u>.  At the time of
sentencing, the United States may make a recommendation that it
considers appropriate based upon the nature and circumstances of
the case and the defendant's participation in the offense, and
specifically reserves the right to recommend a sentence up to and

9

including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

2. Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

   a. The defendant be prohibited from possessing a firearm or other dangerous weapon.

   b. The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

   c. The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

   d. The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

10

e.   The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.   The defendant be confined in a community treatment center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of occupations or with certain individuals if the Government deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

11

m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.  Forfeiture of Assets

1.  Forfeiture.  The present Superseding Indictment seeks forfeiture of the defendant's interests in certain assets.  In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party.  Defendant agrees to settle any civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct.  The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct. Defendant further agrees to the following:

12

a.   Forfeiture of all properties, real and personal listed in the Forfeiture Allegation of the Superseding Indictment and any Bill of Particulars filed;

b.   Immediate entry of the preliminary order of forfeiture or the filing of a civil complaint by the United States, pursuant to Title 18, United States Code, § 981;

c.   Waiver of the right to personal service of all process and naming of Patrick Rogan, Esquire as agent for service of all process;

d.   Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

e.   The filing and entry of a consent decree of forfeiture;

f.   Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

g.   Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

13

h.   Payment of costs associated with the seizure, storage, and
     maintenance of any asset being returned to the defendant as a
     result of this Agreement;

i.   In the event any assets are being returned to the defendant,
     such return does not amount to having "substantially prevailed"
     in the pursuit of any claim, and to make no claim against the
     United States or any of its agencies or employees, including
     claims for attorney's fees and costs of litigation;

j.   Waiver of any double jeopardy challenges the defendant may
     have to any administrative or civil forfeiture actions, pending or
     completed, arising out of the course of conduct forming the
     basis for the forfeitures; and

k.   Waiver of all constitutional, legal, and equitable claims arising
     out of and defenses to the forfeiture of this property in any
     proceeding, including any claim of innocent ownership and any
     claim or defense under the Eighth Amendment, including any
     claim of excessive fine.

2.   <u>Disclosure of Assets</u>.  This Agreement is entered by the United
     States on the basis of the express representation that the

14

defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Agreement.  The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Agreement, subjecting the defendant to the sanctions set forth in this Agreement.  Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

3.  No Further Forfeiture.  As the result of the forfeitures set forth above, the United States agrees not to seek forfeiture of any other asset known to the United States by defendant's disclosure to belong to the defendant or the defendant's family.  This Agreement does not prevent the IRS from the collection of taxes or the seizure of assets to satisfy those taxes.

4. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>.  By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States.  These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers.

5. <u>Destruction Order/Waivers.</u>  The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized.  If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.  The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal.  The defendant consents and waives all rights to

16

compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the defendant is hereby withdrawn. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

## F. Victims' Rights and Restitution

1. Victims' Rights. The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

   a. The right to be reasonably protected from the accused;

   b. The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

17

c.  The right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in the Court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victims' comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.  The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing

18

proceeding," and the Court is authorized to order restitution by
the defendant including, but not limited to, restitution for
property loss, economic loss, personal injury, or death;

g.   The right to proceedings free from unreasonable delay; and

h.   The right to be treated with fairness and with respect for the
victim's dignity and privacy.

2.   Restitution.  The defendant acknowledges that, pursuant to the
Mandatory Restitution Act of April 24, 1996, Title 18, United States
Code, § 3663A, the Court is required in all instances to order full
restitution to all victims for the losses those victims have suffered
as a result of the defendant's conduct.  The defendant also agrees
that the Government will seek, and the Court may impose an order
of restitution as to victims of the defendant's relevant conduct.
With respect to the payment of restitution, the defendant further
agrees that, as part of the sentence in this matter, the defendant
shall be responsible for making payment of restitution in full, unless
the defendant can demonstrate to the satisfaction of the Court that
the defendant's economic circumstances do not allow for the
payment of full restitution in the foreseeable future, in which case

19

the defendant will be required to make partial restitution payments. In addition to the schedule of payments that may be established by the Court, the defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of federal crimes are entitled to full and timely restitution. As such, these payments do not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victims in a timely fashion. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil or criminal

20

forfeiture in the amount of the victim restitution owed in this case,
and the Court may enter both a restitution order and a forfeiture
judgment in the amount of any unpaid restitution found by the
Court to be due and owing at the time of sentencing in this matter.
The defendant consents to the filing of any civil complaint or
superseding information which may be necessary to perfect a
forfeiture order and further stipulates and agrees that the
defendant's guilty plea constitutes an admission to all matters
legally and factually necessary for entry of a forfeiture order in this
case.  The parties agree that the Government will recommend, but
cannot guarantee, that any assets recovered through forfeiture
proceedings be remitted to crime victims to reduce the defendant's
restitution obligation in this case.  The defendant acknowledges
that the making of any payments does not preclude the
Government from using other assets or income of the defendant to
satisfy the restitution obligation.  The defendant understands that
the amount of restitution calculated for purposes of Chapter 5 of
the Sentencing Guidelines might be different from the amount of

loss calculated for purposes of Chapter 2 of the Sentencing
Guidelines.

3. <u>Restitution for Child Pornography Cases</u>.  The defendant agrees to
allow the court to determine the appropriate restitution based on
Title 18, United States Code, § 2259, for identifiable victims in the
images of child pornography.

4. <u>Restitution for Identifiable Child Pornography Victims.</u>  The
defendant agrees to pay restitution equal to the loss caused to any
identifiable victim of the offense of conviction, including any
relevant conduct, pursuant to any applicable statute, including 18
U.S.C. § 2259. The defendant further agrees to pay restitution
equal to the loss caused to any identifiable victim of the
defendant's uncharged or dismissed conduct pursuant to 18 U.S.C.
§§ 3663(a)(3) and 3663A. The defendant's uncharged or dismissed
conduct for purposes of determining and ordering restitution
includes the production, possession, receipt, and distribution of
visual depictions of minors engaged in sexually explicit conduct,
including the defendant's conduct in Counts 3 through 14 that will
be dismissed at sentencing, and any uncharged production,

22

possession, receipt, and distribution of visual depictions of minors engaged in sexually explicit conduct.

## G. **Information Provided to Court and Probation Office**

1. Background Information for Probation Office.  The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

2. Objections to Pre-Sentence Report.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt

23

to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

3.  Relevant Sentencing Information.  At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled

24

to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

4. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## H. **Court Not Bound by Plea Agreement**

1. <u>Court Not Bound by Terms</u>. The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for life, a fine of $500,000, a maximum term of supervised release of up to life, which shall be

25

served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $10,200.

2. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline to follow any recommendations by any of the parties to this Agreement.

## I. **Breach of Plea Agreement by Defendant**

1. <u>Breach of Agreement</u>. In the event the United States believes the defendant has failed to fulfill any obligation under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations under this Agreement. Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the defendant shall be admissible, and

26

during which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

2. Remedies for Breach. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

   a. The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

   b. The United States will be free to make any recommendations to the Court regarding sentencing in this case;

   c. Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

   d. The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under

27

investigation at the time of the plea.  The defendant waives and
hereby agrees not to raise any defense to the reinstatement of
these charges based upon collateral estoppel, Double
Jeopardy, statute of limitations, assertion of Speedy Trial
rights, or other similar grounds.

3.  <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant
understands that it is a condition of this Agreement that the
defendant refrain from any further violations of state, local, or
federal law while awaiting plea and sentencing.  The defendant
acknowledges and agrees that if the Government receives
information that the defendant has committed new crimes while
awaiting plea or sentencing in this case, the Government may
petition the Court and, if the Court finds by a preponderance of the
evidence that the defendant has committed any other criminal
offense while awaiting plea or sentencing, the Government shall be
free at its sole election to either:  (a) withdraw from this Agreement;
or (b) make any sentencing recommendations to the Court that it
deems appropriate.  The defendant further understands and
agrees that, if the Court finds that the defendant has committed

28

any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

J. **Registration, Civil Commitment & Transfer of Information in Child Pornography/ Sex Crimes Cases**

1. Sex Offender Registration (Megan's Law/Adam Walsh Act) Notice. The defendant understands that the Court, as a condition of supervised release or probation, must order the defendant to comply with all sex offender registration requirements under the Sex Offender Registration and Notification Act and that, if applicable, defendant must register and keep registration current and accurate in each of the following jurisdictions: the location of residence; the location of employment; and the location of any school that defendant is attending. The defendant understands that such information must be updated no later than three business days after any change. A failure to comply with these and other obligations may subject the defendant to prosecution under federal law. The defendant acknowledges that one possible consequence

of a guilty plea is that the Court may determine, after the completion of a sentence, that the defendant is a sexually dangerous offender and may commit the defendant to a medical facility for treatment.

2.  Civil Commitment as Sexually Dangerous Person.  The defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, the defendant faces potential civil commitment as a sexually dangerous person, following the expiration of the defendant's term of imprisonment.  The defendant understands that potential civil commitment would be the subject of a separate proceeding.  The defendant further understands that no one, including the defendant's attorney or the Court, can predict with certainty the effect of the defendant's conviction on such a civil commitment determination.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any potential civil commitment consequences that the defendant's plea may entail, even if the consequence is indefinite civil commitment following the expiration of the defendant's term of imprisonment.

30

3. <u>Transfer of Case for Child Custody Determinations</u>.  The defendant agrees to interpose no objection to the Government's transferring evidence or providing information concerning the defendant or this offense to other state or local authorities or agencies for purpose of child custody proceedings relating to the defendant.

## K.  **Other Provisions**

1. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state, or local law enforcement agency.

2. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in

31

this litigation was taken in good faith, had a substantial basis in law
and fact and was not vexatious.

3. Plea Agreement Serves Ends of Justice. The United States is
entering this Agreement with the defendant because this
disposition of the matter fairly and adequately addresses the
gravity of the offenses from which the charges are drawn, as well
as the defendant's role in such offenses, thereby serving the ends
of justice.

4. Defendant is Satisfied with Assistance of Counsel. The Defendant
agrees that the defendant has discussed this case and this
Agreement in detail with the defendant's attorney, who has advised
the defendant of the defendant's Constitutional and other trial and
appellate rights, the nature of the charges, the elements of the
offenses the United States would have to prove at trial, the
evidence the United States would present at such trial, possible
defenses, the advisory Sentencing Guidelines and other aspects of
sentencing, potential losses of civil rights and privileges, and other
potential consequences of pleading guilty in this case. The
defendant agrees that the defendant is satisfied with the legal

32

services and advice provided to the defendant by the defendant's attorney.

5. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., April 7, 2023, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

6. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

**ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

06/19/23
Date

MASON MOREY
Defendant

33

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

June 19 2023

Date

PATRICK ROGAN
Counsel for Defendant


GERARD M. KARAM
United States Attorney

6/21/2023

Date

By:

JENNY P. ROBERTS
Assistant United States Attorney

AUSA/JPR/2022R827/March 12, 2023
VERSION DATE:  March 8, 2021

34